ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| GABRIELA ROSELLÓ BARBOSA<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | TA2025RA00341 | *Revisión Judicial* procedente del Departamento de Corrección y Rehabilitación<br><br>Sobre: Denegación de Reclasificación de Custodia de la Confinada por la División de Clasificación Central |
|---|---|---|

Panel integrado por su presidenta la Juez Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez

**Ronda Del Toro, Juez Ponente**

## SENTENCIA

En San Juan, Puerto Rico, a 17 de diciembre de 2025.

Gabriela Roselló Barbosa (Roselló Barbosa o recurrente) nos solicita que dejemos sin efecto la "Resolución" que emitió el Comité de Clasificación y Tratamiento del Departamento de Corrección y Rehabilitación (Comité) el 24 de septiembre de 2025. En el referido dictamen, el Comité ratificó a la recurrente en el nivel de custodia *mediana*.

Por los fundamentos que exponemos, desestimamos el recurso por falta de jurisdicción por tardío.

## I.

En el recurso de fecha 28 de octubre de 2025, la recurrente Gabriela Roselló Barbosa nos informó que en octubre de 2020 fue sentenciada a cumplir quince (15) años en prisión por los delitos de Asesinato Atenuado, Portación y Uso de Armas Blancas y por Maltrato[1]. Señaló que su clasificación de custodia, desde su

---

[1] Artículo 3.1 de la Ley 54-1989, 8 LPRA sec. 631.

admisión al Complejo de Rehabilitación para Mujeres de Bayamón ha sido en máxima seguridad. Indicó que, por buen ajuste, en julio de 2024 fue reclasificada a custodia mediana.

De acuerdo con el expediente ante nos, el 24 de septiembre de 2025, el Comité de Clasificación y Tratamiento se reunió con el propósito de evaluar el plan institucional de Roselló Barbosa y determinó mantenerla en custodia *mediana*.

La recurrente alegó que el 29 de septiembre de 2025, solicitó reconsideración y esta no fue contestada. Por ello, el 28 de octubre de 2025, suscribió un *Escrito de Revisión Judicial*, ante nuestro foro de revisión intermedia. Junto al recurso, la recurrente incluyó varios documentos, entre ellos, la hoja de evaluación de custodia. No obstante, no incluyó la moción de reconsideración a la cual aludió.

Ante ello, el 12 de noviembre de 2025, notificado al siguiente día, le concedimos veinte (20) días a la recurrente para que incluyera la moción de reconsideración. El término venció el pasado tres (3) de diciembre y Roselló Barbosa no compareció para incluir el documento solicitado. Por lo que, damos por perfeccionado el recurso, según presentado.

## II.

## A.

La Ley de la Judicatura del Estado Libre Asociado de Puerto Rico, Ley 201-2003, en el artículo 4.006 establece la jurisdicción de este foro intermedio apelativo, mediante recurso de revisión judicial, que se acogerá como cuestión de derecho, de las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas. […] 4 LPRA 24y (c). Así pues, la revisión judicial es el remedio exclusivo para evaluar una determinación administrativa.

A esos efectos, la Ley 38-2017, "Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico", (LPAU), Ley Núm. 38-2017, LPAU, 3 LPRA sec. 9601 *et seq.*, provee el trámite que debe seguir la parte afectada para solicitar reconsideración y la revisión judicial de una determinación de un organismo administrativo. En cuanto a la Reconsideración, la Sección 3.15 de LPAU expresa lo siguiente:

> La parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden. La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso. Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración. Tal resolución deberá ser emitida y archivada en autos dentro de los noventa (90) días siguientes a la radicación de la moción de reconsideración. Si la agencia acoge la moción de reconsideración pero deja de tomar alguna acción con relación a la moción dentro de los noventa (90) días de ésta haber sido radicada, perderá jurisdicción sobre la misma y el término para solicitar la revisión judicial empezará a contarse a partir de la expiración de dicho término de noventa (90) días salvo que la agencia, por justa causa y dentro de esos noventa (90) días, prorrogue el término para resolver por un período que no excederá de treinta (30) días adicionales. 3 LPRA sec. 9655

> Respecto a la revisión judicial, la Sección 4.2 de la LPAU indica que:

> [u]na parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la

fecha aplicable de las dispuestas en la sec. 9655 de este título, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. [...]. 3 LPRA sec. 9672.

Cónsono a lo anterior, la Regla 57 del Reglamento del Tribunal de Apelaciones, establece el término para presentar recurso de revisión de decisiones administrativas, a saber:

El escrito inicial de revisión deberá presentarse dentro del término jurisdiccional de **treinta días** contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final del organismo o agencia, o a partir de la fecha aplicable cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación **oportuna de una moción de reconsideración**, a menos que alguna ley especial aplicable disponga un término distinto. Si la fecha del archivo en autos de copia de la notificación de la resolución u orden es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo. […]. 4 LPRA, XXII-B, R. 57.

Vemos que el Reglamento del Tribunal de Apelaciones, junto a otras reglas y leyes, regula el trámite y perfeccionamiento de los recursos apelativos. Pérez Soto v. Cantera Pérez, Inc. et al., 188 DPR 98, 104 (2013). Entre los requisitos para perfeccionar el recurso apelativo se encuentran la presentación oportuna del recurso en la Secretaría del Tribunal de Apelaciones, lo que incide en la jurisdicción del tribunal. Pérez Soto v. Cantera Pérez, Inc. et al., *supra*, pág. 105.

**B.**

La jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias. Freire Ruiz et al. v. Morales, Hernández, 2024 TSPR 129, 215 DPR ____ (2024); Mun. Aguada v. W Const. y Recovery Finance, 214 DPR 432, 448 (2024); Torres Alvarado v. Madera Atiles, 202 DPR 495, 499-500 (2019). De manera que, el primer factor a considerar en

toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. Freire Ruiz et al. v. Morales, Hernández, *supra*; Torres Alvarado v. Madera Atiles, *supra*, pág. 500. Esto se debe a que los tribunales tienen la responsabilidad indelegable de evaluar, en primera instancia, su propia jurisdicción, así como la del foro del cual procede el recurso ante su consideración. Freire Ruiz et al. v. Morales, Hernández, *supra*; Ruiz Camilo v. Trafon Group, Inc., 200 DPR 254, 268 (2018). Por lo que, los asuntos relacionados con ésta son privilegiados y deben atenderse con prioridad. Freire Ruiz et al. v. Morales, Hernández, *supra*; R&B Power. Inc. v. Junta de Subasta ASG, 213 DPR 685, 698 (2024); Allied Mgmt. Group v. Oriental Bank, 204 DPR 374, 386 (2020); Torres Alvarado v. Madera Atiles, *supra*, pág. 500.

Al cuestionarse la jurisdicción de un tribunal, por alguna de las partes o, incluso, cuando no haya sido planteado por éstas, dicho foro examinará y evaluará con rigurosidad el asunto jurisdiccional como parte de su deber ministerial, toda vez que éste incide directamente sobre la autoridad misma para adjudicar un caso o controversia. Freire Ruiz et al. v. Morales, Hernández *supra*; Mun. Aguada v. W Const. y Recovery Finance, *supra*; Ruiz Camilo v. Trafon Group, Inc., *supra*, pág. 268. Una de las instancias en la que un foro adjudicativo carece de jurisdicción es cuando se presenta un recurso tardío o prematuro, toda vez que éste "adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre". Ruiz Camilo v. Trafon Group, Inc., *supra*, pág. 269. En estos casos, si se carece de jurisdicción, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia. Íd. Esto es, procede la inmediata desestimación del recurso apelativo

según lo ordenado por las leyes y los reglamentos para el perfeccionamiento de estos recursos. Íd.

A la luz de la antes mencionada normativa, disponemos.

### III.

En recurso de fecha 28 de octubre de 2025, la recurrente Roselló Barbosa nos solicitó que revisemos la Resolución que emitió el 24 de septiembre de 2025 el Comité de Clasificación y Tratamiento. Mediante esta decisión el Comité determinó mantenerla en custodia mediana. Evaluado el escrito y los documentos incluidos, nos vemos impedidos de atender su reclamo. Explicamos.

A partir del 24 de septiembre de 2025, fecha en que el Comité de Clasificación le notificó la Resolución a la recurrente, esta disponía de un término de treinta (30) días, vencedero el 24 de octubre de 2025, para acudir en revisión ante el Tribunal de Apelaciones. Ese término se podía interrumpir mediante la presentación de una moción de reconsideración en el periodo de veinte (20) días.

La recurrente indicó en recurso de revisión que solicitó reconsideración y esta no fue atendida. No obstante, Roselló Barbosa no incluyó la aludida moción de reconsideración para que pudiésemos verificar si, en efecto, el término para acudir ante nuestro foro intermedio se había interrumpido.

Para subsanar lo anterior, el 13 de noviembre de 2025, le notificamos una *Resolución,* para que en veinte (20) días nos proveyera la moción de reconsideración. El término venció el 3 de diciembre de 2025 y, al presente, transcurrido en exceso el tiempo concedido, la recurrente no compareció para cumplir con lo ordenado. De manera que no nos acreditó que, en efecto, el término para acudir ante nos, quedó debidamente interrumpido.

Por consiguiente, como la Resolución cuya revisión nos solicitó fue emitida el 24 de septiembre de 2025 y el recurso ante nuestra consideración tiene fecha del 28 de octubre de 2025, el reclamo a nuestro foro fue presentado de forma tardía. Ello es, luego del término **jurisdiccional** de treinta (30) días de emitida la resolución del organismo administrativo. Véase la Regla 57 del Reglamento del Tribunal de Apelaciones, *supra*. Por todo lo cual, carecemos de jurisdicción para atender el presente asunto. Al carecer el recurso ante nuestra consideración de un dictamen del cual se recurra oportunamente, nada nos queda por evaluar.

**IV.**

Por los fundamentos antes expuestos, en unión a lo que establece la Regla 83 (B)(1) "que el Tribunal de Apelaciones carece de jurisdicción" 4 LPRA Ap. XXII-B, R. 83, desestimamos el presente recurso por falta de jurisdicción.

El Secretario del Departamento de Corrección y Rehabilitación debe entregar copia de esta determinación a la recurrente en la institución correccional donde se encuentra.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones